LÓPEZ v. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Aguadilla.

No. 37.—Decided November 30, 1909.

PROCEEDINGS TO OBTAIN TITLE OF OWNERSHIP—RECORD THEREOF IN REGISTRY—POWER OF REGISTRAR.—Where the ownership of certain properties is established in favor of the petitioner by a district court, and the judgment thereof is presented to the registrar for record, the registrar has the power to. classify the judgment, but he has no power to impugn the conclusions reached by the court upon the evidence, nor the grounds upon which the judgment is based.

The facts are stated in the opinion.

*Mr. Franco Soto* for appellant.

Mr. JUSTICE WOLF delivered the opinion of the court.

This is an administrative appeal from the Registrar of Property of Aguadilla. On June 24, 1909, the District Court of Aguadilla declared the dominion title of two farms had been established in favor of Justo López, the appellant in this court. The registrar of property refused to register the certificate issued from the court because he alleged it had the defect that the total number of acres of the two properties

sought to be registered was not equal to the sum of the acres of the individual lots described and that the individual ownership was not set forth.

Section 395 of the Mortgage Law prescribes the requirements that are to be complied with to justify a dominion title bearing in mind what is required by paragraph five of said section.

Section 440 of the Regulations for the execution of the Mortgage Law prescribe how the registration for dominion or possession must be made.

Section nine of the Mortgage Law and 63 of the Regulations prescribe the requirements that are to be complied with for registration in general.

Section 234 of the Mortgage Law expressly determines the manner in which a title which embraces several real properties should be recorded.

Section 18 of the Mortgage Law confers upon the registrars the power to consider all documents issued by judicial authorities without giving them authority to impugn the weight given to the proofs by the judges nor the grounds on which they rely in rendering their decisions, according to the principle enunciated by the General Direction of Registrars of Spain.

In view of these principles, we are of the opinion that it was incumbent on the registrar of Aguadilla to make the registration which was requested of him inasmuch as the title of ownership of the two lots was shown in the manner prescribed by section 395 of the Mortgage Law; and, therefore, the registrar should have made a full registration of the ownership of one of the properties set out in the order of the judge, mentioning the other property, and stating the mode in which both properties were acquired; and in relation with the other property, the registrar should have made a brief registration of the ownership of same, making a reference, in this registration, to the fuller one, in order that the matters omitted in the brief registration might be made known.

For these reasons the note of the registrar is reversed and the registrar is ordered to register the document with a note of its remediable defects.

*Reversed.*

Chief Justice Hernández and Justices Figueras, MacLeary and del Toro concurred.